## Case No. 14,242.

### TURNBULL et al. v The ENTERPRIZE.

[Bee, 345; [1] Hopk. Rep.]

District Court. D. Pennsylvania. Aug., 1785.

SHIPPING—HYPOTHECATION BEFORE VOYAGE BEGAN —RESIDENCE OF OWNERS.

A ship cannot be hypothecated according to the maritime law, before the voyage is begun, or in places where the owners reside, even for those necessaries without which the vessel cannot proceed to sea

[Cited in The Stephen Allen, Case No. 13,361; People's Ferry Co. v. Beers, 20 How. (61 U. S.) 402. Disapproved in The Richard Busteed, Case No. 11,764.]

HOPKINSON, District Judge. The bill in this cause is filed by certain merchants against the ship Enterprize, for the recovery of moneys advanced by them to the captain of the said ship, in the port of Philadelphia, to fit her out for an intended voyage; the ostensible or real owners, or some of them, being, at the time of such advancements, within the state, and known to the libellants. And it has been urged in support of the libel, that every contract of the captain, for necessaries for a ship, implies an hypothecation, and induces a lien on the ship in favour of the creditor, suable in the admiralty by the rules of civil law. And the case principally relied upon as authority for this doctrine, is cited from Cowp. p. 636.

The case referred to is a suit at common law, brought by a ropemaker, against the owners of a ship, for ropes furnished to the captain; the plaintiff having charged Harwood (the captain) and the owners of the ship for the ropes, without naming or knowing who the owners were. The fact was, that the owners, according to the custom of the county of Essex, in England, where they probably resided, had leased the ship to Harwood for a term of years, on certain conditions: and the questions were, whether, under these circumstances, Harwood was not both captain and owner, during the term? and whether the original owners ought to be responsible for debts contracted on account

---

[1] [Reported by Hon. Thomas Bee, District Judge.]

of the ship whilst in the possession of Harwood, under the lease? Lord Mansfield was of opinion, that neither the lease, nor the ignorance of the creditor, as to the names or persons of the owners, could exonerate them. And to shew that the owners are bound, he says—"Suppose the ship had been impounded in the admiralty, and that had happened at the end of the term, the owners could not have had their ship, without paying the debt for which she had been impounded." But this case is brought into view chiefly because Lord Mansfield, in giving his opinion, observes, that the creditor had three securities for his debt, viz. the person of the captain with whom he contracted, the specific ship, and the owners. It should be remembered, however, that this was a suit at common law: that the owners, the ship, the captain, the creditor, and the contract, were all within the realm; and there can be no doubt but that the creditor might have his action at law either against the persons of the contractors, or might attach their property, the ship, for his debt.

But this case has no reference whatever to the maritime or civil law. The doctrine of hypothecation is never once mentioned, nor is the contract of the captain at all placed upon that ground. The principal object was, to determine whether the lease of the ship did not exonerate the lessors during the term. So, in the case cited from 1 Ves., Sr., 154. This also was purely a common law process; wherein the parties and the whole transaction appear to have been infra corpus comitatus. "Certainly," says the lord chancellor, "by the maritime law the master has power to hypothecate the ship during the voyage, and from the necessity of the case; but it is different where the ship is infra corpus comitatus, and the contract made by the owners or master on land, and not arising from necessity—then, the laws of the land must prevail." And this is clearly consonant with the whole current of authorities respecting the doctrine of hypothecation, viz. that it must be made during the voyage. and from the necessity of the case. When money is borrowed on the ship, before the voyage began. the ship is not answerable in the admiralty, 1 Ld. Raym. 578. So, in 2 Ld. Raym. 982, in the case of Johnson v. Shippen, Chief Justice Holt says—"If a ship be hypothecated before a voyage begin, that is not a matter within the jurisdiction of the admiralty; for it is a contract made here, and the owners can give security to perform the contract." It appears, then, to be a settled doctrine. that a ship cannot be hypothecated, according to the maritime law, before the voyage is begun, or in places where the owners reside, even for those necessaries. without which the ship could not proceed to sea. The law means to favour the completion. not the commencement of a voyage. For this reason, the legislature of Pennsylvania hath, by a special act, given to the artificers who build or repair, and to those who furnish necessaries to fit out a ship for sea, a lien upon the vessel, suable in the admiralty, before the voyage is begun, because the maritime law does not extend to their security.

Since, then, it appears that the advance of moneys to fit out the ship Enterprize, was made before the commencement of her voyage, and not from necessity; and that the captain, the owners, or some of them, and the contractors, were all within the state at the time of the transaction; and as the suit is not brought under the act of assembly of the 27th of March, 1784, I cannot admit this case to be of admiralty jurisdiction, and, therefore, I adjudge that the bill be dismissed. and that the libellants pay the costs of suit.